Opinion filed June 18, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00264-CR

_____

## TOMMY VINCENT JETTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 266th District Court

### Erath County, Texas

### Trial Court Cause No. CR 12704-A

### M E M O R A N D U M   O P I N I O N

Appellant, Tommy Vincent Jetton, has filed an appeal from an order in which the trial court denied the relief requested by Appellant in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2015). In his sole issue on appeal, Appellant contends that the trial court abused its discretion in denying the application for writ of habeas corpus. We affirm the trial court's order.

In the underlying case, Appellant entered into a plea bargain agreement with the State and pleaded guilty to the offense of possession of less than one gram of a controlled substance in penalty group two, a state jail felony. The trial court convicted Appellant and, in accordance with the plea agreement, suspended the imposition of Appellant's sentence and placed him on community supervision in 2008.

On June 12, 2014, Appellant filed an application for writ of habeas corpus in which he asserted one ground for relief: that he "received ineffective assistance of counsel at trial in that his attorney failed to locate and produce [Appellant's] parents as witnesses, who would have testified that all the controlled substances found were not [Appellant's] because he did not reside at the residence."[1] The State timely filed a reply to the application. Various documentary evidence was attached to Appellant's application and to the State's reply. The trial court subsequently denied Appellant's application without a hearing, as permitted by Article 11.072, section 6(b), and has recently, pursuant to this court's abatement order, clarified its previous order and entered findings of fact and conclusions of law. The trial court found, among other things, that Appellant's assertions of dissatisfaction with his trial counsel were not credible and that trial counsel was aware of the testimony that Appellant's mother could provide if called as a witness.

A defendant has the right to effective assistance of counsel during plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). When a defendant challenges the validity of his guilty plea based on ineffective assistance of counsel, he must show two things: (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable

---

[1]We note that, after the trial court entered its order and its findings of fact and conclusions of law and after this appeal was reinstated, Appellant filed an amended application for writ of habeas corpus. However, the amended application was not ruled on by the trial court and is not at issue in this appeal.

probability that, but for counsel's unprofessional errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Id.*; *see Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *see also Strickland v. Washington*, 466 U.S. 668 (1984). In an Article 11.072 proceeding, the trial judge is the sole finder of fact, and the appellate court must afford almost total deference to a trial court's findings of fact if supported by the record. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (applying standard from *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997)); *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (same).

In support of his claim of ineffective assistance of counsel, Appellant attempted to show that his trial counsel failed to investigate the case and failed to call Appellant's parents as witnesses. Appellant stated in his application that he had entered a plea of guilty to possessing the drugs in his apartment "not knowing he had a defense," which was "that the drugs were not his."

In an affidavit attached to the State's response, trial counsel disputed Appellant's allegations of ineffective assistance. Trial counsel averred that he had talked to Appellant's mother on the phone and was familiar with what Appellant's parents would testify to if called as witnesses. At a pretrial hearing, Appellant decided to accept the State's offer and plead guilty to the offense. Trial counsel's associate was present at the pretrial hearing and pointed out that the apartment was leased by Appellant, that Appellant was present at the time the drugs were found in the apartment, and that both codefendants had signed statements implicating Appellant. Furthermore, the police report, which was also attached to the State's response, indicated that Appellant had knowledge of the drugs; he informed one the officers at the apartment that the two plastic totes with seeds growing as a pod contained mushrooms/psilocybin.

Based on our review of the documents attached to Appellant's application and to the State's response, we cannot hold that the trial court abused its discretion in failing to find that Appellant received ineffective assistance of counsel. Trial counsel was not ineffective for failing to call witnesses at a trial that never occurred, and Appellant did not show that trial counsel misinformed Appellant about any defense that he may have had to the charges against him. Additionally, trial counsel's affidavit indicated that he had investigated the case and was aware of the testimony that could have been presented if Appellant had decided to go to trial instead of pleading guilty. The trial court did not err in refusing to grant habeas corpus relief in this case. We overrule Appellant's sole issue on appeal.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


June 18, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.